IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS M. LISOWSKI, | : | Civil No. 3:15-cv-1143 |
| Petitioner | : | (Judge Mariani) |
| v. | : | |
| COMMONWEALTH OF PENNSYLVANIA, et al., | : | |
| Respondents | : | |

### MEMORANDUM

On April 21, 2010, following a second jury trial, Petitioner Thomas Lisowski ("Lisowski"), was found guilty of aggravated assault, simple assault, recklessly endangering another person, resisting arrest, and fleeing or attempting to allude a police officer, in the Court of Common Pleas of Wyoming County, Pennsylvania. (Doc. 1). On October 7, 2011, the trial court resentenced Lisowski to an aggregate sentence of thirty-nine (39) to one hundred forty-four (144) months. (Id.). On May 27, 2015, Lisowski filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction and sentence. (Id.). For the reasons set forth below, the petition will be denied as untimely.

I.  **Background**

On April 9, 2007, Lisowski was arrested and charged with aggravated assault, simple assault, recklessly endangering another person, resisting arrest, and fleeing or attempting to allude a police officer. *Commonwealth v. Lisowski*, Wyoming County Court of

Common Pleas Docket, CP-66-CR-0000180-2007. On October 23, 2007, following a jury trial, Lisowski was found guilty of all charges. *Id.* On December 12, 2007, Lisowski was sentenced to thirty-three (33) to one hundred twenty (120) months incarceration. *Id.* He filed a direct appeal. On appeal, the Pennsylvania Superior Court vacated the judgment of sentence and remanded for resentencing. *Commonwealth v. Lisowski*, 111 MDA 2008. After resentencing, the trial court granted Lisowski a new trial based on an insufficient waiver of counsel colloquy prior to the first trial.

On April 21, 2010, following a second jury trial, Lisowski was found guilty of aggravated assault, simple assault, recklessly endangering another person, resisting arrest, and fleeing or attempting to allude a police officer. *Commonwealth v. Lisowski*, Wyoming County Court of Common Pleas Docket, CP-66-CR-0000180-2007. On May 12, 2010, Lisowski was sentenced to an aggregate term of imprisonment of sixty-three (63) to one hundred ninety-two (192) months incarceration. *Id.* Lisowski filed a direct appeal. On August 11, 2011, the Pennsylvania Superior Court vacated the judgment of sentence and remanded for resentencing. *Commonwealth v. Lisowski*, 1037 MDA 2011. On October 7, 2011, the trial court resentenced Lisowski to an aggregate sentence of thirty-nine (39) to one hundred forty-four (144) months. *Commonwealth v. Lisowski*, Wyoming County Court of Common Pleas Docket, CP-66-CR-0000180-2007. Lisowski was paroled and released from incarceration on July 16, 2012. (Doc. 10-1, p. 96, *Commonwealth v. Lisowski*, No.

2

2007-CR-180, PCRA opinion).

No direct appeal was filed, but Lisowski filed a *pro se* petition for post conviction collateral relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 PA. CONS. STAT. §§ 9541-46. *Commonwealth v. Lisowski*, Wyoming County Court of Common Pleas Docket, CP-66-CR-0000180-2007. Following a hearing, the Court of Common Pleas dismissed the PCRA petition on April 25, 2013. *Id.* On May 3, 2013, Lisowski filed an appeal to the Pennsylvania Superior Court. *Commonwealth v. Lisowski*, 731 MDA 2013. On February 6, 2014, the Superior Court affirmed the dismissal of Lisowski's PCRA petition. *Id.* Lisowski did not file a petition for allowance of appeal to the Pennsylvania Supreme Court, therefore his judgment of sentence became final thirty (30) days later on March 10, 2014.

Lisowski had until approximately March 10, 2014 to file a timely appeal to the Pennsylvania Supreme Court. Lisowski failed to timely file a petition for allowance of appeal to the Pennsylvania Supreme Court. On March 26, 2014, Lisowski filed a petition for allowance of appeal *nunc pro tunc*. On July 16, 2014, the Pennsylvania Supreme Court denied the petition for leave to file an appeal *nunc pro tunc*. *Commonwealth v. Lisowski*, 141 MM 2014.

The instant federal habeas petition was filed on May 27, 2015. (Doc. 1).

II. **Discussion**

The court shall "entertain an application for a writ of habeas corpus in behalf of a

person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A petition filed under § 2254 must be timely filed under the stringent standards set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996). See 28 U.S.C. § 2244(d)(1). Specifically, a state prisoner requesting habeas corpus relief pursuant to § 2254 must adhere to a statute of limitations that provides, in relevant part, as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> . . .
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2); see Jones v. Morton, 195 F.3d 153, 157 (3d Cir. 1999). Thus, under the plain terms of § 2244(d)(1)(A), a state court criminal judgment does not become final until appeals have been exhausted or the time for appeal has expired. See Nara v. Frank, 264 F.3d 310, 314 (3d Cir. 2001).

Lisowksi was sentenced on October 7, 2011. Lisowski's time for pursuing a direct

appeal expired on November 7, 2011, at which time his judgment became final. See Nara, 264 F.3d at 314; 28 U.S.C. § 2244(d)(1)(A). The one-year period for the statute of limitations commenced running as of that date. Hence, the federal petition, which was filed on May 27, 2015, is patently untimely. However, the Court's analysis does not end here; consideration of both statutory and equitable tolling must be undertaken.

### A.     Statutory Tolling

Section 2244(d)(2) tolls the one-year statute of limitations with respect to the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations began running on November 7, 2011, and, absent any tolling, would expire on November 7, 2012. On July 17, 2012, after approximately 253 days of the one-year statute had elapsed, Lisowski successfully tolled the statute of limitations when he filed a timely PCRA petition. The statute remained tolled until March 10, 2014, thirty (30) days after the Pennsylvania Superior Court affirmed the trial court's denial of the PCRA petition.[1] The statute then began running again. The 112 days remaining in which to file his federal habeas petition expired on June 30, 2014. His federal habeas petition was filed on May 27, 2015, well after the expiration of the limitations period.

---

[1] Lisowski's *nunc pro tunc* petition for allowance of appeal to the Pennsylvania Supreme Court was not properly filed and did not toll the AEDPA statute of limitations. See Douglas v. Horn, 359 F.3d 257, 262 (3d Cir. 2004) (a *nunc pro tunc* petition in PCRA proceedings before the Pennsylvania Supreme Court "was not properly filed, and thus did not toll the [AEDPA] clock").

## B.     Equitable Tolling

Equitable tolling of the limitations period is to be used sparingly and only in "extraordinary" and "rare" circumstances. *See Satterfield v. Johnson*, 434 F.3d 185, 195 (3d Cir. 2006); *LaCava v. Kyler*, 398 F.3d 271, 274-75 (3d Cir. 2005). It is only in situations "when the principle of equity would make the rigid application of a limitation period unfair" that the doctrine of equitable tolling is to be applied. *See Merritt v. Blaine*, 326 F.3d 157, 168 (3d Cir. 2003). Generally, a litigant seeking equitable tolling must establish the following two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

With respect to the diligent pursuit of rights, the petitioner must demonstrate that he or she exercised reasonable diligence in investigating and bringing the claims. *See Robinson v. Johnson*, 313 F.3d 128, 142 (3d Cir. 2002). Mere excusable neglect is not sufficient. *See LaCava*, 398 F.3d at 276. Moreover, "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll." *Warren v. Garvin*, 219 F.3d 111, 113 (2d Cir. 2000) (quoting *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000)).

Extraordinary circumstances have been found where (1) the respondent has actively misled the petitioner, (2) the petitioner has in some extraordinary way been prevented from

asserting his rights, (3) the petitioner has timely asserted his rights mistakenly in the wrong forum, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim. See Jones, 195 F.3d at 159; Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005).

Lisowski presents absolutely no evidence to account for the delay in seeking relief in federal court. Nor does he indicate that extraordinary circumstances obstructed his pursuit of post conviction relief in either state court or federal court, and he has never asserted his rights in the wrong forum. Notably, in the habeas petition section regarding timeliness, Lisowski provided no response. (Doc. 1, p. 14). Instead, Lisowski appears to assert that the PCRA tolling statute is unjust and unfair. (Doc. 11, p. 2). In light of the foregoing, equitable tolling of the AEDPA statute of limitations is not warranted in this case.

## III. <u>Certificate of Appealability</u>

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322

(2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In the present matter, jurists of reason would not find the disposition of this case debatable. Accordingly, a certificate of appealability will not issue.

## IV. Conclusion

For the reasons set forth above, the petition for writ of habeas corpus will be denied as untimely. An appropriate Order will issue.

Dated: November 14, 2016

Robert D. Mariani
United States District Judge